# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXON SOLUTIONS, INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>        vs.<br><br>SAN DIEGO DATA PROCESSING CORPORATION , a California publicly-owned corporation; and the CITY OF SAN DIEGO, a chartered political subdivision of the State of California,<br><br>                              Defendants. | CASE NO. 09 CV 2543 JM (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF SAN DIEGO'S MOTION IN DISMISS**<br><br>Doc. No. 5 |

Plaintiff Axon Solutions, Inc. ("Axon") initiated this litigation on a contract it held with Defendant San Diego Data Processing Corporation ("SDDPC"), a publicly-owned, non-profit corporation which provides information technology services to Defendant City of San Diego (the "City"). Axon makes seven claims: (1) breach of contract, (2) misappropriation of trade secrets, (3) copyright infringement, (4) declaratory relief, (5) quantum meruit, (6) goods and services sold and delivered, and (7) account stated. (Doc. No. 1, hereinafter "Compl.," at 1). The City filed a motion to dismiss all claims. (Doc. No. 5). Axon filed an opposition and the City filed a reply. (Doc. Nos. 10, 13).

The court finds this matter appropriate for disposition without oral argument. *See* CivLR 7.1(d)(1). The court hereby GRANT IN PART and DENIES IN PART the City's motion to dismiss,

and dismisses claims one, five, six, and seven.

## I. BACKGROUND

Axon is a Delaware corporation which provides "business and computer consulting services, software product development, implementation, and application management services." (Compl. ¶ 2). On September 28, 2007, Axon and SDDPC entered a "Master Services Agreement" ("MSA") by which Axon agreed to provide SDDPC with information technology products and services for use by the City. (Compl. ¶ 8). In exchange, SDDPC agreed to pay Axon $16,951,786. (Compl. ¶ 9).

Axon fulfilled its contractual obligations until SDDPC terminated the agreement for convenience pursuant to section 2.2 of the MSA. (Compl. ¶ 11). Upon termination, Axon became entitled to certain payments related to "holdback" amounts, partially completed deliverables, and wind-down costs. (Compl. ¶ 13). Nonetheless, after termination, SDDPC and the City continued to use products provided by Axon, which include Axon's trade secret and copyright-protected material.

As neither SDDPC nor the City paid the money due Axon, Axon instituted the claims procedures provided for in article 21 of the MSA. (Compl. ¶ 33). The parties conducted an unsuccessful mediation on August 26, 2009. (Compl. ¶ 34). Axon subsequently filed suit on November 12, 2009. (*See* Doc. No. 1).

## II. LEGAL STANDARD

A court should dismiss an action where a complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Therefore, a motion to dismiss should be granted where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating the claim a court must "accept as true all of the allegations contained in [the] complaint." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

///

### III. DISCUSSION

#### A. Contract Claim

The City argues that it cannot be liable under the MSA because, not only was the City not an explicit party to the MSA, the City *cannot* be a party to the MSA because the City did not comply with the contracting requirements imposed by the City's charter and municipal code.

If a city contracts in a fashion forbidden by its charter or municipal code, that contract is unenforceable against the City. *G.L. Mezzetta, Inc. v. City of Am. Canyon*, 78 Cal. App. 4th 1087, 1094 (Cal. Ct. App. 2000) ("A contract entered into by a local government without legal authority is 'wholly void,' ultra vires, and unenforceable.") (citations omitted). The City's municipal code provides that "[w]hen a *contract* provides for an expenditure greater than $1,000,000, the Purchasing Agent shall advertise for sealed proposals for a minimum of one day in the City Official Newspaper and shall obtain the City Council's approval to award the *contract*." San Diego, Cal., Mun. Code ch. 2, § 22.3211(d).

Axon's complaint does not sufficiently allege that the City is a party to the contract. The MSA, attached to the complaint as Exhibit 1, states unequivocally that it is an agreement by and between Axon and SDDPC. (Compl., Ex. 1). Furthermore, Axon's complaint does not allege that the City Council properly approved the MSA in accordance with the requirements of the Municipal Code and the City Charter.

Axon alleges that the City is liable on the MSA—even though the City was not a party to the MSA—based on either agency or alter ego theory. Axon's allegations in this regard, however, are too conclusory to state a claim. Axon claims "SDDPC was and is the agent of the City," but fails to allege sufficient facts regarding the agency relationship between SDDPC and the City. Therefore, because Axon insufficiently alleges facts to support the legal conclusion that the City is a party to the MSA, the City's motion to dismiss Axon's breach of contract claim (Claim 1) is granted.

#### B. Tort Claims

Axon makes claims for misappropriation of trade secrets (Claim 2) and copyright infringement (Claim 3), alleging that SDDPC and the City are using Axon's trade secrets and copyrighted information without authorization. The City argues that these claims should be dismissed because

they are "dependent on City having entered into a contract with Axon." (Doc. No. 5).

> One who seeks protection against the use or disclosure of a trade secret must plead facts showing (1) the existence of subject matter which is capable of protection as a trade secret; (2) the secret was disclosed to the defendant, or to a person for whose conduct a defendant is liable, under circumstances giving rise to a contractual or other legally imposed obligation on the part of the disclosee not to use or disclose the secret to the detriment of the discloser.

*Diodes, Inc. v. Franzen,* 260 Cal. App. 2d 244, 250 (Cal. Ct. App.1968). The City need not be a party to the contract to have a "legally imposed obligation" to protect Axon's trade secrets. Therefore, Axon has pled sufficient facts to state a claims for misappropriation of trade secrets and the City's motion to dismiss Claim 2 is denied.

"In order to succeed in a copyright infringement claim, 'a plaintiff must show that he or she owns the copyright and that defendant copied protected elements of the work.'" *Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628, 636 (9th Cir. 2008) (quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)). The elements of a copyright infringement claim do not require a contractual relationship. Therefore, Axon has pled sufficient facts to state a claim for copyright infringement and the City's motion to dismiss Claim 3 is denied.

### C. Declaratory Judgment

Both parties agree that Axon's declaratory judgment claim (Claim 4) is related to its claims for copyright infringement and trade secret misappropriation. The City argues, as it did for Claims 2 and 3, that Axon's declaratory judgment claim is dependent on a contractual relationship between Axon and the City. As this argument has already been refuted, and Claims 2 and 3 survive the City's motion to dismiss, Axon's declaratory judgment claim must also survive. Therefore, the City's motion to dismiss Claim 4 is denied.

### D. Quasi-Contract Claims

"A private party cannot sue a public entity on an implied-in-law or quasi-contract theory, because such a theory is based on quantum meruit or restitution considerations which are outweighed by the need to protect and limit a public entity's contractual obligations." *Janis v. Cal. State Lottery Comm'n*, 68 Cal. App. 4th 824, 830 (Cal. Ct. App. 1998) (citing *Los Angeles Equestrian Center, Inc. v. City of Los Angeles*, 17 Cal. App. 4th 432, 447 (Cal. Ct. App. 1993)). Axon's claims for quantum meruit (Claim 5), goods and services sold and delivered (Claim 6), and account stated (Claim 7) are

1  all quasi-contract theories for recovery. Therefore, the City's motion to dismiss Claims 5, 6, and 7
2  is granted.

## IV. CONCLUSION

For the foregoing reasons, the court hereby GRANTS the City's motion to dismiss Axon's claims for breach of contract (Claim 1), quantum meruit (Claim 5), goods and services sold and delivered (Claim 6), and account stated (Claim 7). The court hereby DENIES the City's motion to dismiss Axon's claims for trade secret misappropriation (Claim 2), copyright infringment (Claim 3), and declaratory judgment (Claim 4).

**IT IS SO ORDERED.**

DATED: February 12, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge